USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/5/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
================================================X

VICTORIA RIGGIONE and NICHOLAS RIGGIONE,

               Plaintiffs,

    - against -

DAVID R. JONES, M.D., SCOTT R. GERST, M.D.,
and MEMORIAL HOSPITAL FOR CANCER AND
ALLIED DISEASES,

               Defendants.
================================================X

**FORM 26(f) REPORT OF
PARTIES' PLANNING
MEETING**

**Civil Action No.:
1:22-cv-9915 (LLS)**

**ECF ACTION**

FRCP 16(b) Conference:     May 5, 2023 at 2:30pm

Date Complaint Filed:     November 21, 2022

Complaint Served

     Defendant David R. Jones, M.D.:     December 29, 2022
     Defendant Scott R. Gerst, M.D.:     December 29, 2022
     Defendant Memorial Hospital for
     Cancer and Allied Diseases:     December 29, 2022

Defendants Appeared on:     February 21, 2023

     Pursuant to the Court's order, Fed. R. Civ. P. ("FRCP") 16(b) and 26(f), a conference was held. The participants were:

     Rikki B. Dascal, Esq. for plaintiffs Victoria Riggione and Nicholas Riggione (collectively, "Plaintiffs").

     Sean B. Maraynes, Esq., for defendants David R. Jones, M.D., Scott R. Gerst, M.D., and Memorial Hospital for Cancer and Allied Diseases (collectively, "Defendants").

### I.    Certification

     The Undersigned counsel certify that (a) they have discussed the nature and basis of

the parties' claims and defenses and any possibilities for achieving a prompt settlement or

1

other resolution of the case; and (b) they have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.     Jurisdiction

    a.   Subject Matter Jurisdiction

This Court has jurisdiction pursuant to federal diversity jurisdiction, 28 U.S.C. § 1332, as the parties are diverse in citizenship and the amount in controversy exceeds $75,000.

With respect to diversity jurisdiction, Plaintiffs are citizens and domiciles of the State of Florida. Defendant Memorial Hospital for Cancer and Allied Diseases is a domestic not-for-profit corporation, organized and existing under the laws of the State of New York, with its principal place of business in New York, New York. Defendants David R. Jones, M.D. are citizens and domiciles of the State of New York.

    b.   Personal Jurisdiction

The parties agree that this Court has personal jurisdiction over them.

III.     Brief Description of Case

    a.   Claims of Plaintiffs:

Plaintiffs essentially allege that the Defendants deviated and departed from standards of proper medical and surgical practice on or about March 13, 2014, through on or about June 11, 2020, and prior and subsequent thereto, due to the failure to acknowledge, diagnose, or treat Plaintiff VICTORIA RIGGIONE's serious and progressive medical condition, diffuse idiopathic pulmonary neuroendocrine cells hyperplasia ("DIPNECH") ; failing to properly and adequately follow up, including the failure to obtain additional clinical information; failing to perform an immunohistochemical workup, which could have confirmed Neuroendocrine Tumor ("NET") or

2

Neuroendocrine Carcinoma ("NEC"), and failing to perform molecular testing; improperly assuming that the confirmed NET was benign; improperly considered plaintiff "cancer free" with no need for follow-up or monitoring in 2019; failing to perform requisite bloodwork and/or urinalysis to test for NET monoanalyte biomarkers, including but not limited to Chromogranin A, Urinary 5-HIAA, prograstrin-releasing peptide, and pancreastatin; failing to properly read and interpret the May 2019 CT scan; failing to timely and properly perform the proper imaging tests including, but not limited to, MRI, endoscopy, and contrast-enhanced CT of chest, abdomen, and pelvis to attempt to identify primary tumor and any metasteses, and any other appropriate diagnostic, laboratory, blood, and/or imaging tests.

Plaintiffs also allege that, as a direct and proximate result of Defendants' negligence – i.e., the delay in diagnosis of DIPNECH which allowed the cancer to metastasize in her liver – plaintiff VICTORIA RIGGIONE was required to have multiple treatments and surgeries, including one liver debulking surgery and two ablation surgeries. Although plaintiff VICTORIA RIGGIONE is still going through vigorous treatments, the care being provided to her is largely palliative.

b. Defenses

Defendants contend that their treatment of plaintiff Victoria Riggione comported with the standard of care and the alleged departures did not cause or contribute to plaintiff Victoria Riggione's claimed injuries. Defendants set forth the following affirmative defenses: statute of limitations; culpable conduct; New York Public Health Law Section 2805-d; New York Civil Practice Laws and Rules Article 16; mitigation of damages; collateral source set-off pursuant to New York Civil Practice Laws and Rules Section 4545; set-off pursuant to New York General Obligations Law Section 15-108; lack of standing;

3

lack of capacity; intervening acts; failure to join indispensable parties; New York Public Health Law section 3080; and New York Public Health Service Act Section 319F-3.

IV.     Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. Essentially, all material facts are in dispute.

V.      Case Management Plan

   a. *Standing Order on Scheduling Civil Cases*

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as set forth below.

   b. *Scheduling Conference with the Court*

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to FRCP 16(b).

   c. *Joinder of Parties and Amendment of Pleadings*

      i. Plaintiffs do not anticipate joining additional parties but should be allowed to file motions to amend the pleadings through June 20, 2023.

      ii. If Plaintiffs file an amended pleading, Defendants shall have 21 days to file a response thereto.

   d. *Discovery*

      i. The parties anticipate that discovery will be needed on the following subjects:
         1. Plaintiff Victoria Riggione's medical history.

         2. Treatment and prognosis of plaintiff Victoria Riggione's injuries and impact of those injuries on her life including conscious pain and suffering, activities of daily living, physical functioning and occupational functioning.

         3. Medical bills incurred in the treatment of plaintiff Victoria Riggione's injuries

4

4. The defendants' medical records of plaintiff Victoria Riggione pertaining to the medical treatment at issue.

5. The defendants' diagnostic imaging studies of plaintiff Victoria Riggione pertaining to the medical treatment at issue.

6. The defendants' possession of outside health care provider diagnostic imaging studies of plaintiff Victoria Riggione pertaining to the medical treatment at issue.

7. All records, reports, documents, papers, electronic or digital information, diagnostic imaging studies, laboratory tests, photographic materials, videographic materials, audiographic materials, data compilations, and tangible information that is non-privileged in the possession of the defendants related to the matters at issue.

8. The identity, professional medical credentials (e.g., education, training and experience), employment or agency status, duties and responsibilities, involvement and participation of the defendants' health care practitioners and medical personnel involved in the treatment at issue.

9. Policies, protocols, procedures, rules and regulations of the defendant health care facilities relevant, germane and/or pertinent to the matter at issue

ii. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced immediately, and completed (not propounded) by August 30, 2024.

iii. Discovery will be conducted in phases.

iv. General discovery, i.e., fact discovery, will be completed by December 29, 2023.

v. The parties anticipate that plaintiffs will require a total of 10 depositions of fact witnesses a defendants will require a total of 10 depositions of fact witnesses. The depositions will commence by August 1, 2023 and commence by January 19, 2024. The parties reserve their rights to take additional depositions.
Deposition schedule of planned depositions:
Plaintiff Victoria Riggione – on or before 9/30/23
Plaintiff Nicholas Riggione – on or before 9/30/23
Defendant David R. Jones, M.D. – on or before 10/31/23
Defendant Scott R. Gerst, M. D. – on or before 11/30/23

5

Nonparty Nicola Riggione (Plaintiffs' daughter) – on or before 12/15/23.

   vi.   Plaintiffs intend to call expert witnesses at trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to FRCP 26(a)(2) by March 4, 2024. Depositions of any such experts will be completed by June 30, 2024.

   vii.   Defendants intend to call expert witnesses at trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by April 18, 2024. Depositions of such experts will be completed by July 30, 2024.

   viii.   A damages analysis will be provided by any party who has a claim or counterclaim for damages by March 4, 2024.

   ix.   Undersigned counsel have discussed the disclosure and preservation of electronically stored information. The parties do not anticipate any issues relating to discovery of electronically stored information will arise. If necessary, the parties will agree to the form(s) in which such information should be produced before document production efforts begin.

   x.   Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. In the event an issue arises, the parties agree to attempt to resolve such issues in a mutually agreeable action or will seek the Court's assistance, if necessary.



   e.   *Dispositive Motions*     Status cnf Jan 26, 2024
~~Dispositive motions will be filed on or before October 30, 2024~~ at 2³⁰ PM. LLS

VI.   *Joint Trial Memorandum*

The ~~joint trial~~ memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 30 days of the Court's ~~ruling on dispositive motions, if any, or, if none are filed, on or before October 30, 2024~~ ,

LLS

~~VII.~~   ~~Initial Disclosures~~

Initial disclosures will be served ~~by May 19, 2023. Responses to Defendants'~~ February 27, 2023 ~~discovery demands, by June 23, 2023.~~

VIII.   Trial Readiness

   a.   Witness and exhibits lists under FRCP 26(b)(3) should be due from Plaintiffs by November 15, 2024 and from defendants by December 1, 2024.

b. The case will be ready for jury trial by December 15, 2024. The trial is expected to take approximately 10 days.

IX. ~~Final Pre-Trial FRCP 16(e) Conference:~~

X. The Scheduling Ordered may be altered or amended only upon a showing of good cause not foreseeable at the time of the conference, or when justice so requires.

Dated: April 27, 2023
New York, New York

So Ordered: *Louis L. Stanton*
Hon. Louis L. Stanton, USDJ

5/5/23

RIKKI B. DASCAL
The Jacob D. Fuchsberg Law Firm, LLP
Attorneys for Plaintiffs
3 Park Avenue, 37th Floor
New York, NY 10009
Tel: 212-869-3500
Fax: 212-398-1532
Email: r.dascal@fuchsberg.com

/s/ Sean B. Maraynes

SEAN B. MARAYNES, ESQ.
DOPF, P.C.
Attorneys for Defendants
112 West 34th Street, Suite 1555
New York, NY 10120
Tel.: 212-330-0226
Email: smaraynes@dopfnyc.com